UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kevin D. Hall

    v.                                    Civil No. 05-cv-381-JD
                                             Opinion No. 2007 DNH 037

Cheshire County Department
of Corrections, et al.

O R D E R

Kevin D. Hall, proceeding pro se and in forma pauperis, brings civil rights claims under 42 U.S.C. § 1983, alleging that the Superintendent of the Cheshire County Department of Corrections ("CCDOC"), Richard N. Van Wickler; former Captain of CCDOC, Robin Cook; and an unnamed CCDOC doctor denied him medical care in violation of the Eighth Amendment and that Van Wickler discriminated against him in violation of the Fourteenth Amendment.[1] The defendants move for summary judgment on the grounds that Hall failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), that he cannot prove his § 1983 claims, and that the defendants are entitled to qualified immunity. Hall objects to summary judgment.

---

[1] These are the claims that were allowed following preliminary review. Hall never identified the CCDOC doctor, who has not been served, and the claims against him or her are now dismissed without prejudice. See Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998).

Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment must present competent evidence of record that shows a genuine issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  All reasonable inferences and all credibility issues are resolved in favor of the nonmoving party.  See id. at 255.

Discussion

Hall's claims arise from the circumstances of his incarceration at the CCDOC during a period between December of 2004 and February 11, 2005, when he was transferred to the Hillsborough County Department of Corrections.  Hall contends that he was suffering from mental illness and that he was known as an "eater" when he arrived at the CCDOC based on his past history.  While incarcerated at the CCDOC, several of his

cellmates were moved because of Hall's threats and the cellmates' fear of him.  Hall destroyed parts of several cells.  Hall also engaged in self-injurious conduct, including cutting himself repeatedly and eating glass, metal, and other objects.

Hall contends that he was not given treatment for his serious medical needs, in violation of the Eighth Amendment, and that Superintendent Van Wickler discriminated against him in violation of the Fourteenth Amendment by denying him adequate medical care.  The defendants move for summary judgment, asserting that Hall failed to exhaust administrative remedies as required by § 1997e(a) and cannot prove his constitutional claims.  The defendants also assert that they are entitled to qualified immunity.[2]

Section 1997e(a) requires prisoners who bring suit under § 1983, challenging prison conditions, to exhaust all administrative remedies available through the correctional facility.  "'Prison conditions' under this provision include individual instances of medical mis- or non-treatment. . . ."  Acosta v. U.S. Marshals Serv., 445 F.3d 509, 512 (1st Cir. 2006). The CCDOC had a grievance procedure available to its inmates when

---

[2]Although the court does not reach the issue of qualified immunity, the defendants are cautioned that their argument in support of that theory is woefully inadequate and would not sustain their defense on that ground.

Hall was incarcerated there.  See, e.g., Dullen v. Cheshire County, 2006 WL 995141 at *1-2 (D.N.H. Apr. 14, 2006).

Superintendent Van Wickler states in his affidavit that review of Hall's inmate file and an online compilation of inmate grievances found no grievance filed by Hall during the relevant period.  In response, Hall does not argue that he filed or attempted to file grievances about the treatment he received or did not receive at CCDOC.  Instead, he states that the incidents on which his claims are based were constantly occurring so that "any other 'methods' to remedy this continuous and unrestrained spread of wrongs - - Just doesn't exist to someone in this condemned situation."  Obj. at 37.  That explanation is insufficient to show that Hall satisfied his obligation to pursue the available grievance procedure before bringing suit.

The summary judgment record establishes that Hall failed to comply with the exhaustion requirement of § 1997e(a).  Because exhaustion is a required prerequisite to bringing Hall's claims under § 1983, the defendants are entitled to summary judgment.  The court does not reach the remainder of the issues raised by the defendants on summary judgment.

Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 41) is granted pursuant to § 1997e(a).  The claim against the unknown CCDOC doctor is dismissed without prejudice due to the plaintiff's failure to complete service.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 27, 2007

cc: John A. Curran, Esquire
    Kevin D. Hall, pro se